IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONDELL SLAUGHTER, Petitioner, v. CYNTHIA LINK, et al., Respondents. | CIVIL ACTION NO. 16-4143 |

## OPINION

**Slomsky, J.**                                                                                                                                                  **April 30, 2018**

## I.  INTRODUCTION

Before the Court is the pro se Petition of Rondell Slaughter ("Petitioner"), a state prisoner, for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) On August 14, 2017, United States Magistrate Judge Jacob P. Hart issued a Report and Recommendation ("Report"), recommending that the Petition be denied and that a certificate of appealability not be issued. (Doc. No. 22.) On August 29, 2017, Petitioner filed Objections to the Report. (Doc. No. 24.) The Court has reviewed all pertinent documents, and for reasons that follow, will approve and adopt the Report (Doc. No. 22), and will deny the Petition (Doc. No. 1).[1]

---

[1] For the purposes of this Opinion, the Court has considered the pro se Petition for Writ of Habeas Corpus (Doc. No. 1), Petitioner's Memorandum of Law to Support Habeas Corpus Application (Doc. No. 11), the Government's Response to Petition for Writ of Habeas Corpus (Doc. No. 18), Petitioner's Answer to Respondents' Answer to Petitioner's Habeas Corpus Relief (Doc. No. 21), the Report and Recommendation of United States Magistrate Judge Jacob P. Hart (Doc. No. 22), Petitioner's Objections to the Report and Recommendation (Doc. No. 24), and the relevant state court records.

## II. BACKGROUND

The following facts are taken from the Report[2]:

    On April 16, 2003, a jury sitting in the Court of Common Pleas for Philadelphia County convicted [Petitioner] of one count of arson, one count of criminal conspiracy and five counts of aggravated assault. Commonwealth v. Slaughter, No. 367 EDA 2013, 2016 WL 298642, at *1 (Pa. Super. Ct. Jan. 25, 2016). The conviction arose out of an incident on February 26, 2001, in which [Petitioner] and another man firebombed the house of a rival drug dealer, injuring six people . . . . Id. Wanda Brown, one of the victims, appeared at trial and testified that she saw [Petitioner] throw an incendiary device. (Doc. No. 11 at 26.) . . . .

    After a week-long trial, the jury began deliberations on April 10, 2003. The next day, the jury [notified the court] that it had reached an agreement regarding some of the charges, but was at an impasse on others. Slaughter, 2016 WL 298642, at *3. [Petitioner]'s counsel moved for a mistrial, but the court denied that motion and instructed the jury to continue its deliberations. Id. [Shortly thereafter], the court recessed for the weekend. Id.

    On Monday, April 14, 2003, [the jury reconvened its deliberations with one juror] absent. Id. [Petitioner]'s counsel again moved for a mistrial. Id. Again, the judge denied that motion, and decided to substitute an alternate juror over [Petitioner]'s counsel's objection. Id. On April 15, 2003, the jury [notified the court] that it was deadlocked on certain charges. Id. at *4. [Petitioner]'s counsel once again moved for a mistrial. Id. [The judge denied the motion and] instructed the jury to continue its deliberations. Id. [On April 16, 2003], the jury reached [the aforementioned verdict]. Id. Subsequently, [Petitioner] was sentenced to an aggregate term of 35-70 years' incarceration. Id. at *1.

    [Petitioner] filed a direct appeal in which he argued that (1) the trial court erred in failing to grant a mistrial after the jury indicated that it was deadlocked; (2) the evidence was insufficient to support the convictions; and (3) the trial judge erred in the discretionary aspects of her sentence, in that she did not recite the sentencing guidelines on the record, did not state her reasons for the sentence, and imposed an unduly harsh sentence which failed to reflect the particular circumstances of the case or [Petitioner]'s character, history, and condition. Brief of Appellant at 3, 5, 6, Commonwealth v. Slaughter, 903 A.2d 52 (Pa. Super. Ct. 2006).

    [Petitioner]'s conviction was affirmed by the Pennsylvania Superior Court

---

[2] The factual background, taken from the Report, has been altered slightly to include additional and modified citations to comply with this Court's citation format. Any alterations to the factual background are reflected by brackets.

on May 19, 2006. Commonwealth v. Slaughter, 903 A.2d 52 (Pa. Super. Ct. 2006) (mem.) Appeal to the Pennsylvania Supreme Court was denied on November 9, 2006. Commonwealth v. Slaughter, 911 A.2d 935 (Pa. 2006) (mem.).

On October 24, 2007, [Petitioner] filed a pro se petition for collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541 et seq. After counsel was appointed, and filed an amended petition, a hearing was held on April 8, 2010. At that hearing, counsel pursued only an ineffectiveness claim based on trial counsel's failure to present character evidence, and a claim related to [Petitioner]'s inability to obtain a complete trial transcript. Transcript of April 8, 2010. At the end of the hearing, the PCRA judge denied the petition. Id. at 34. For, the next few years, some confusion ensued due to the fact that [Petitioner] filed a second PCRA petition, and then appealed the denial of his first PCRA petition while the second was pending. Id.

Ultimately, in 2013, [Petitioner] was permitted to file a counseled PCRA appeal. Commonwealth v. Slaughter, No. 367 EDA 2013, 2014 WL 10588398 (Pa. Super. Ct. Sept. 12, 2014). In it, he argued that (1) trial and appellate counsel were ineffective in failing to request that the jury's partial verdict be recorded before the trial court seated the alternate juror; (2) trial counsel was ineffective in failing to introduce character evidence; (3) PCRA counsel was ineffective for failing to raise trial and appellate counsels' ineffective failure to argue that [Petitioner]'s conviction was against the weight of the evidence (although counsel labeled this as a claim of insufficient evidence, her argument pertained only to its weight); (4) trial, appellate, and PCRA counsel were ineffective for failing to challenge the discretionary aspects of Petitioner's sentence; and (5) PCRA counsel was ineffective for failing to "make proper objections" regarding hearsay testimony from Detective Brooks and Lieutenant Hartnett. Brief of Appellant at 12-27, Slaughter, 2014 WL 10588398.

On September 12, 2014, the Superior Court ruled that [Petitioner] was entitled to a new trial. Slaughter, 2014 WL 10588398, at *6. The Superior Court found that [Petitioner]'s trial counsel had been ineffective in failing to object to the judge's impaneling of an alternate juror after jury deliberations had begun, which was precluded by Pennsylvania law at the time of [Petitioner]'s trial. Id. at *5. The Superior Court did not address any other issues raised. Id.

However, the Pennsylvania Supreme Court granted the Commonwealth's appeal of this decision. Commonwealth v. Slaughter, 120 A.3d 992 (Pa. 2015) (mem.). It ruled that the Superior Court improperly evaluated [Petitioner]'s ineffectiveness of counsel claim under the harmless error standard which would have applied if the trial court's action was raised on direct appeal. Id. That standard presumed prejudice, and put the burden on the Commonwealth to rebut the assumption. Id. Instead, the correct standard was that set forth in Strickland v. Washington, 466 U.S. 668 (1984) and Commonwealth v. Pierce, 527 A.2d 973

3

(Pa. 1987) for claims of ineffective assistance of counsel. Id. That standard required a petitioner to prove actual prejudice. Id.

Consequently, the Supreme Court remanded the matter for reconsideration by the Superior Court, applying the Strickland standard. Id. In a January 25, 2016, ruling, the Superior Court concluded that [Petitioner] had not shown actual prejudice, and was not entitled to relief. [On July 28, 2015], the Pennsylvania Supreme Court denied review . . . . Slaughter, 120 A.3d 992.

(Doc. No. 22 at 1-4.)

On August 2, 2016, Petitioner initiated the present action by filing a pro se Petition for a Writ of Habeas Corpus pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. (Doc. No. 1.) On August 25, 2016, the Court referred the case to United States Magistrate Judge Jacob P. Hart for a Report and Recommendation. (Doc. No. 2.) On July 7, 2017, Respondents filed a Response in Opposition to the Petition. (Doc. No. 18.) On August 9, 2017, Petitioner filed his Reply. (Doc. No. 21.)

On August 14, 2017, Magistrate Judge Hart issued his Report, recommending that Petitioner's claims for relief be denied and that a certificate of appealability not be issued. (Doc. No. 22.) On August 29, 2017, Petitioner filed Objections to the Report. (Doc. No. 24.) Petitioner's Objections are now before the Court for review. For reasons that follow, the Court will approve and adopt the Report (Doc. No. 22) and will deny the Petition (Doc. No. 1).

### III. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(B) and local rules of court, a district judge may designate a magistrate judge to file proposed findings and recommendations in regard to a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. "Within fourteen days after being served with a copy [of the magistrate judge's report], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). Local Civil Rule 72.1.IV(b) requires an objecting party to "specifically

identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." For pro se litigants, however, this rule may be relaxed. See McCabe v. Pennsylvania, 419 F. Supp. 2d 692, 695 (E.D. Pa. 2006) (treating pro se litigant's letter to court as an objection).

The district judge "shall [then] make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. [The] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1); Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). "Although [the] review is de novo, [a district judge] [is] permitted, by statute, to rely upon the magistrate judge's proposed findings and recommendations to the extent [the judge], in the exercise of sound discretion, deem[s] proper." Owens v. Beard, 829 F. Supp. 736, 738 (M.D. Pa. 1993) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)). The Third Circuit has "assumed that the normal practice of the district judge is to give some reasoned consideration to the magistrate's report before adopting it as the decision of the court." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).

## IV. ANALYSIS

In his Petition, Petitioner raised six claims for relief:

(1) trial and appellate counsel were ineffective for failing to "object to and/or request that the jury's partial verdict be recorded before the trial court terminated deliberations and seated the already dismissed alternate juror to begin new deliberations";

(2) trial counsel was ineffective for failing to introduce the testimony of Dion Fitzgerald and Cheron Armstrong as character witnesses;

5

(3) PCRA counsel was ineffective for failing to raise trial and appellate counsel's ineffective failure to argue that the verdict "was against the weight of the evidence," and that the evidence was insufficient to support the verdict against him;

(4) PCRA, appellate, and trial counsels were ineffective in failing to challenge Petitioner's sentence as excessive;

(5) PCRA counsel was ineffective in "failing to raise trial counsel's ineffectiveness" in failing to object to hearsay testimony from Detective Brooks and Lieutenant Hartnett; and

(6) Petitioner was denied due process because he was not provided a complete copy of the trial transcripts, and PCRA counsel was "ineffective for failing to preserve this claim in state court."

(Doc. No. 1 at 16-17.) In recommending that the Petition be denied, the Magistrate Judge found that the first and second claims were meritless because Petitioner presented no constitutional basis upon which to disturb the state court's decision; the third claim was meritless because the jury fairly weighed the evidence, and the record was sufficient to sustain the verdict; and the fourth, fifth, and sixth claims were meritless because Martinez v. Ryan, 566 U.S. 1 (2012) is not applicable here. (Doc. No. 22 at 5-13.) Petitioner objects to those findings. (Doc. No. 24.)

In his Objections to the Report, Petitioner reiterates his six initial claims, stated above. Petitioner's first and second Objections identify specific portions of the Report, but his third, fourth, fifth, and sixth Objections merely reassert arguments made in his Petition (Doc. No. 1) and Memorandum of Law (Doc. No. 11).

As noted, Local Rule of Civil Procedure 72.1.IV(b) provides that "[a]ny party may object

to a magistrate judge's proposed findings, recommendation or report under 28 U.S.C. § 636(b)(1)(B) . . . within fourteen days after being served with a copy thereof" by filing written objections that "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." See Local R. Civ. P. 72.1.IV(b). Thus, courts in the Third Circuit have consistently held that objections that "merely rehash an argument presented to and considered by a magistrate judge are not entitled to de novo review." Morgan v. Astrue, Civ. A. No. 08-2133, 2009 WL 3541001, at *3 (E.D. Pa. Oct. 30, 2009) (citing Edmond v. Collins, 8 F.3d 290, 293 n.7 (5th Cir. 1993)) (collecting cases).

Here, in Petitioner's first two Objections, which specifically identify the portions of the Report to which objections are made, he argues that the Report:

(1) erroneously concludes that PCRA counsel preserved Petitioner's claim that trial counsel was ineffective for failing to properly challenge the admission of hearsay statements through Detective Brooks's and Lieutenant Hartnett's testimony because PCRA counsel did not amend Petitioner's PCRA petition to include this claim; and

(2) unfairly evaluates Petitioner's claim of prejudice arising from trial counsel's ineffectiveness for declining to object to the trial court's failure to colloquy the alternate juror regarding (1) any exposure to outside influences or (2) the request the remaining jurors begin deliberations anew.

(Doc. No. 24 at 3-12.)

In his third Objection, Petitioner restates his argument that he "suffered ineffective assistance of counsel by failing to challenge the discretionary sentencing, and PCRA counsel was ineffective to [not] allege ineffectiveness of trial sentencing." (Id. at 10.) In his fourth

7

Objection, Petitioner again argues that "PCRA counsel was ineffective for failing to allege that trial counsel was ineffective for failing to preserve substantial claims, that to sustain the jury verdict was against the weight of the evidence and insufficient to convict." (Id. at 11.) In Petitioner's fifth Objection, he merely restates the phrase, "character evidence." (Id.) And in Petitioner's sixth Objection, he restates his argument that "[i]ncomplete transcripts [have] denied Petitioner meaningful review" and that "relief is due with a full and fair hearing on this claim, or a new trial granted." (Id. at 13.) These four Objections simply reassert arguments presented in the Petition. Thus, because Petitioner restates arguments that have already been considered by the Magistrate Judge, without identifying specific portions of the Report to which he objects, the Court will not consider them a second time.

Instead, the Court will only discuss Petitioner's first two Objections, which take issue with specific portions of the Magistrate Judge's Report. Because the Magistrate Judge's Report was properly decided, the Court will approve and adopt it in its entirety.

### A. Petitioner's First Objection Lacks Merit Because PCRA Counsel Briefed the Claim and Therefore Martinez v. Ryan Is Inapplicable

According to Petitioner, the Magistrate Judge misconstrued his claim that PCRA counsel was ineffective in failing to raise trial counsel's ineffectiveness in failing to object to hearsay testimony at trial from Detective Brooks and Lieutenant Hartnett. (Doc. No. 24 at 2.) Specifically, Petitioner states:

> [M]agistrate believes PCRA appellate counsel, preserved [sic] the claim. Not true. . . . <u>counsel did not amend the PCRA with the Sixth Amendment claim</u> [sic] trial counsel was ineffective for not challenging the hearsay statements of expert witness, Lieutenant Harnett and statement made by Detective Brooks, which were hearsay and were not admissible at trial.

(Id. (emphasis added).)

Petitioner's first Objection lacks merit. Magistrate Judge Hart swiftly dismissed this

8

claim, brought under Martinez v. Ryan, 566 U.S. 1 (2012), finding that Martinez did not apply to Petitioner because the claim was briefed by PCRA appellate counsel. (Doc. No. 22 at 12.); see Brief of Appellant at 26, Commonwealth v. Slaughter, No. 367 EDA 2013, 2016 WL 298642 (Pa. Super. Ct. Jan. 25, 2016). The Magistrate Judge's conclusion is corroborated by Petitioner in his Memorandum of Law to Support Habeas Corpus Application. (Doc. No. 11 at 18.) In his Memorandum of Law, Petitioner admitted that it was "alleged in his PCRA petitions that [trial] counsel was ineffective for failing to argue, [sic] preserve the issue" regarding the alleged hearsay testimony of Detective Brooks and Lieutenant Hartnett. (Id.) The Court agrees with the Magistrate Judge that PCRA counsel preserved the claim.

Petitioner cites Lambert v. Warden Greene SCI, 861 F.3d 459 (3d Cir. 2017), in support of his first Objection. (Doc. No. 24 at 4.) In Lambert, petitioner argued that during his trial, an expert witness's hearsay testimony implicated his Sixth Amendment right of confrontation. Id. at 468. "Based on this alleged Confrontation Clause violation, [petitioner] contend[ed] [that] trial counsel was ineffective in failing to request a limiting jury instruction." Id. Petitioner explained "that ineffective assistance of PCRA counsel was the external factor that precluded him from raising the limiting instruction claim in the first instance in his PCRA petition." Id. at 469. The Third Circuit held that "to the extent the prosecution relied on [the testimonial statements] for their truth, a limiting instruction to the jury was needed." Id. at 471. The Court "vacate[d] and remand[ed] to the District Court with instructions to conduct an evidentiary hearing to consider the ineffective assistance of [petitioner]'s trial counsel." Id. at 473.

Petitioner's reliance on Lambert is misplaced. In Lambert, the Third Circuit held "that it would be objectively unreasonable for trial counsel to allow the Commonwealth to violate this [confrontation] right by failing to request a limiting instruction." Id. at 471-72. Here, Petitioner

9

states that "[h]e is not arguing appellate counsel's ineffectiveness, he is arguing that the PCRA counsel abandoned his claim." (Doc. No. 24 at 3.) As explained above, the Court finds that PCRA counsel did preserve Petitioner's claim. Thus, Lambert does not apply to Petitioner.

Although the Court finds Petitioner's first Objection meritless, it nonetheless will address two arguments Petitioner makes which are ancillary to it. First, Petitioner contends that PCRA counsel was at fault for not exhausting the claim underlying his first Objection. Again, relying on Martinez, Petitioner argues:

> The magistrate failed to review the Petitioner's argument and how Petitioner has made a Martinez argument which is supported by the record. The magistrate does not discuss any of Petitioner's argument on the claim on how PCRA Counsel failed to establish trial counsel's failure on this substantial claim.

(Doc. No. 24 at 4-5.) This attempt to establish "cause" for a default of an ineffective-assistance claim under Martinez is unpersuasive.

In Martinez, the Supreme Court of the United States held that a petitioner may establish cause for a default of an ineffective-assistance claim in two circumstances:

> The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

566 U.S. at 14.

Here, Petitioner may not seek relief under the first circumstance because he was appointed counsel in his initial-review collateral proceeding for a claim of ineffective assistance at trial. Slaughter, 2016 WL 298642, at *1 ("On October 24, 2007, Appellant filed his first pro se PCRA petition and counsel was appointed."). Petitioner may not seek relief under the second

circumstance because, as affirmed by the Magistrate Judge, on remand from the Supreme Court of Pennsylvania, the Superior Court of Pennsylvania reasonably "concluded that Petitioner had not shown actual prejudice, and was not entitled to relief" under Strickland. (Doc. No. 22 at 6.) Thus, Petitioner is precluded from relief under Martinez.

Second, Petitioner alleges a constitutional violation of his Sixth Amendment rights generated by PCRA counsel's overall ineffective assistance. (Doc. No. 24 at 2, 5, 7, 10, 12.) But "there is no constitutional right to an attorney in state post-conviction proceedings." Coleman v. Thompson, 501 U.S. 722, 752 (1991). Hence, "a petitioner cannot claim constitutional ineffective assistance of counsel in such proceedings." Id. Here, even if PCRA counsel committed errors, these errors are not constitutionally ineffective. Petitioner's claims of ineffective assistance of PCRA counsel are without merit, and are barred from federal review.

### B. Petitioner's Second Objection Is Procedurally Defaulted Because He Did Not Raise the Claim in the State Courts and Has Not Shown Cause and Prejudice

Petitioner argues that the Report unfairly evaluates his claim of prejudice stemming from trial counsel's ineffectiveness for failing to object to the trial court's "inadequate instructional colloquy" given to the alternate juror regarding (1) any exposure to outside influences or (2) the request the remaining jurors begin deliberations anew.[3] (Doc. 24 at 9.) Petitioner avers that there was a "reasonable probability" that trial counsel's error would have satisfied the prejudicial prong of the Strickland standard. (Id.) But this argument was never presented to the state courts.

In habeas corpus jurisprudence, a petitioner must show that the claim raised in the federal

---

[3] Petitioner's second Objection derives from the Pennsylvania Superior Court's initial review of Petitioner's PCRA appeal, in which the court incorrectly concluded that trial counsel's failure to object to the trial judge's impaneling of an alternate juror during deliberations was impermissible. See Commonwealth v. Slaughter, No. 367 EDA 2013, 2014 WL 10588398, at *4-6 (Pa. Super. Ct. Sept. 12, 2014).

11

habeas petition has been exhausted. See, e.g., Picard v. Connor, 404 U.S. 270, 275 (1971); Nelson v. George, 399 U.S. 224, 229 (1970); Irvin v. Dowd, 359 U.S. 394, 404-05 (1959). Specifically, a petitioner must demonstrate that the claim was "fairly presented" to the state courts. Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (quoting Picard, 404 U.S. at 275). "Both the legal theory and the facts supporting a federal claim must have been submitted to the state court[s]." O'Halloran v. Ryan, 835 F.2d 506, 508 (3d Cir. 1987) (citation omitted). "In other words, the petitioner must afford the state system the opportunity to resolve the federal constitutional issues before he goes to the federal court for habeas relief." Rainey v. Varner, 603 F.3d 189, 198 (3d Cir. 2010) (citation omitted). Therefore, a claim in a habeas petition must be "substantially equivalent to that litigated in the state court[s]." O'Halloran, 835 F.2d at 508 (citing Picard, 404 U.S. at 278). However, if a petitioner can demonstrate "cause" for the procedural default and "prejudice" as a result therefrom, the procedural default will be excused. Murray v. Carrier, 477 U.S. 478, 485-95 (1986). This exception allows a federal court to review the claim, even though it was not fairly presented to the state courts.

In the instant case, the record reveals that Petitioner never raised the claim referenced in his second Objection in the state courts. Accordingly, absent a showing of cause and prejudice, this claim is procedurally defaulted. Petitioner has not provided any explanation for his failure to raise this claim in the state courts. Similarly, other than stating that the Magistrate Judge did "not review the factual basis that supports Petitioner's ineffectiveness claim relating to the trial counsel's failure to properly object to substantial constitutional claims," Petitioner has not made any showing of prejudice. (Doc. No. 24 at 8.) As such, Petitioner's second Objection is procedurally defaulted and will not be considered.

## V. CONCLUSION

For the foregoing reasons, the Court will adopt Magistrate Judge Hart's Report and Recommendation (Doc. No. 22) and will deny Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1). An appropriate Order follows.